EASTERN DIST.
*April*, 1837.

ADAMS ET AL.
*vs.*
NEW-ORLEANS
STEAM TOW-
BOAT CO.

---

### ADAMS ET AL. *vs.* NEW-ORLEANS STEAM TOW-BOAT CO.

APPEAL FROM THE FIRST JUDICIAL DISTRICT.

Tow-Boat Companies will be made liable for the injuries occasioned to vessels, while they have them in tow, unless it is shown not to have been caused by their fault or negligence.

On questions of fact, relating to the merits, even if the testimony is somewhat contradictory, the judgment will not be disturbed, when it does not appear the judge came to an erroneous conclusion.

This is an action to render the defendants liable for injuries done to a vessel, which one of their tow-boats was towing from the city of New-Orleans to the sea.

The case turns mainly on mere matters of fact, which are sufficiently detailed in the opinion of the court.

The district judge, before whom the case was tried, after examining all the evidence of the case, came to the conclu-

sion that the defendants were liable, and that the injury sustained by the plaintiffs was one thousand three hundred and sixty-one dollars and ninety cents; judgment being rendered therefor, the defendants appealed.

EASTERN DIST.
*April*, 1837.

ADAMS ET AL.
*vs.*
NEW-ORLEANS
STEAM TOW-
BOAT CO.

*Maybin,* for the plaintiffs.

*G. B. Duncan,* for the defendants.

*M'Millen,* for the captain, called in warranty.

*Carleton, J.,* delivered the opinion of the court.

The plaintiffs claim the sum of eighteen hundred and fifty eight dollars and thirty-one cents, being expenses and damages caused, as they allege, by the fault and neglect of defendants, in towing down the river, the brig Sarah and Elizabeth, by the steam tow-boat Post Boy, belonging to them, under the command of T. A. Pinegar. They allege, that the brig was suffered to run athwart a ship, lying at anchor in the river, by which injury was done to her hull and rigging, giving rise to various expenses detailed in the petition, which, together with the damages sustained, and the further item of eight hundred dollars for towing the vessel back to the city, by the steam-boat Natchez, swell the amount to the entire sum for which suit is brought.

The defendants plead the general issue, and further aver that the damage was not caused by the misconduct of those in command of the tow-boat, but by accidents unavoidable in the navigation of the river, and by the misconduct of those on board the brig, in refusing and neglecting to obey the orders given from the tow-boat; that the injury done was trifling; that the plaintiffs, nevertheless caused the brig to be thoroughly repaired, and brought back to the city without necessity.

The defendants afterwards filed a supplemental answer, in which they pray that judgment be rendered over against Capt. Pinegar, whom they call in warranty, for any sum that themselves might be condemned to pay.

EASTERN DIST.
*April*, 1837.

ADAMS ET AL.
*vs.*
NEW-ORLEANS
STEAM TOW-
BOAT CO.

Tow-boat companies will be made liable for the injuries occasioned to vessels while they have them in tow, unless it is shown not to have been caused by their fault or negligence.

On questions of fact, relating to the merits, even when the testimony is somewhat contradictory, the judgment will not be disturbed, when it does not appear the judge came to an erroneous conclusion.

To this supplemental answer, Capt. Pinegar replied by general denial, and averring, that the fault or misconduct, if any, did not proceed from himself, but from those on board the brig; that the weather was boisterous, and that he had been compelled to burden himself with too heavy a tow, by the agents of the steam-boat company, and concludes by the plea of prescription of one year.

The District Court gave judgment for the plaintiffs, in the sum of one thousand three hundred and sixty-one dollars and ninety cents, with costs, and decreed in favor of Capt. Pinegar. The defendants appealed.

The controversy turns entirely upon a question of fact. The plaintiffs charge the fault upon defendants, who, as also the commander of the tow-boat, assert that the accident, if caused by misconduct and negligence at all, was to be ascribed to the persons on board of the brig.

Having looked carefully into the testimony of the witnesses, which is voluminous and somewhat contradictory, we see no reason to believe that the judge below has come to an erroneous conclusion upon the merits of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, and that the appellants pay costs in both courts.